UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOYCE ECKERT,

    Plaintiff,

v.                                        CASE NO.: 8:13-cv-2599-T-23EAJ

SEARS, ROEBUCK AND CO.,

    Defendant.
_____/

## **ORDER**

    The plaintiff sued (Doc. 2) in state court and alleged negligence based on the plaintiff's tripping and falling on a display located on the defendant's premises. The defendant removes (Doc. 1) and alleges diversity jurisdiction under 28 U.S.C. § 1332. To establish the amount-in-controversy requirement, the defendant relies entirely on the plaintiff's admission in state court that the amount-in-controversy exceeds $75,000. The question presented is whether a plaintiff's admission to a mere legal conclusion establishes the requisite amount-in-controversy to deprive a state court of unquestioned jurisdiction.

    Determining the amount-in-controversy includes both a legal and a factual component. For example, whether particular losses incurred by a party constitute "damages" and whether and to what extent that element of "damages" is recoverable

as a remedy for the alleged cause of action are legal issues, the resolution of which requires knowledge both of the governing law and of facts about the loss sufficient to permit a characterization and quantification of the loss.  Similarly, whether the alleged losses and "damages" are an accomplished fact, that is, the losses are already incurred and the bills are already paid, or whether they are prospective, speculative, or contingent is another question that includes a factual and legal component (a plaintiff, for example, in a certain case can recover lost back pay but not lost front pay).

The removing defendant bears the burden of establishing facts supporting federal jurisdiction.  *See Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 481 (11th Cir. 2005).  If the complaint seeks an indeterminate amount of damages, "the defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount-in-controversy" exceeds $75,000. *Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002).  "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).

In this action, the defendant asserts in the notice of removal that the amount-in-controversy exceeds $75,000 because the plaintiff admits in a response to a request for admission that the plaintiff seeks more than $75,000.  However, a plaintiff's mere

concession that the amount-in-controversy exceeds $75,000 is insufficient because "[j]urisdictional objections cannot be forfeited or waived." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 718 (7th Cir. 2012). "[T]he court has an obligation to determine that the requisite jurisdictional amount is satisfied and that inquiry is independent of the parties' assertions or desires to litigate in federal court." Wright & Miller, *Federal Practice and Procedure* Vol. 14AA, § 3702 (4th ed. 2013). Allowing the parties to invoke jurisdiction by merely claiming in concert that the amount-in-controversy exceeds the jurisdictional requirement is "tantamount to allowing the parties to consent to removal jurisdiction." Wright & Miller, *Federal Practice and Procedure* Vol. 14AA, § 3702.1 (4th ed. 2013). Thus, "[a]lthough a plaintiff may stipulate to an amount less than the jurisdictional minimum to avoid removal, the converse is not true. Jurisdiction cannot be assumed without further inquiry based on the plaintiff's . . . stipulation that the plaintiff is seeking more." *Moore's Federal Practice*, Vol. 16, § 107.14[2][g] (3d ed. 2012); *accord* In re *Brand Name Prescription Drugs Antitrust Litig.*, 248 F.3d 668, 670-71 (7th Cir. 2001) ("Had the plaintiffs . . . stipulated that they were seeking less than [the jurisdictional amount], the court would have been required to remand the case to state court without further inquiry. . . . But the converse – that jurisdiction can be assumed without further inquiry if the plaintiffs stipulate that they are seeking more . . . – does not follow. Jurisdiction cannot be conferred by stipulation . . . ."); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 (11th

Cir. 2007) ("The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars."); *MacDonald v. Circle K. Stores, Inc.*, 2009 WL 113377, at *1 n.1 (holding that a plaintiff's responses to interrogatories "merely establish the possibility – not a probability – that the [p]laintiff's damages might exceed $75,000").

In sum, diversity jurisdiction depends on an actual and factually demonstrable amount-in-controversy in excess of $75,000 and not on the parties' stipulation or the equivalent (and especially not a party's mere admission). *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348-49 (2013) (holding that a plaintiff's non-binding assertion cannot influence a subject matter jurisdiction inquiry). To the extent that, and only so long as, a plaintiff's admission is binding (until, for example, the court relieves the part of the admission), the admission can bind the parties in determining the merits of a discrete action. But even if binding on the parties, an admission or another form of agreement cannot bind a court in determining jurisdiction. Therefore, the court must assess independently the actual and factually demonstrable amount-in-controversy.

The plaintiff's admission qualifies as an "other paper" that can activate the thirty-day removal limitation under 28 U.S.C. § 1446(b), but the admission (1) offers no factual basis to support the jurisdictional amount, (2) is a mere legal conclusion,

and (3) fails to relieve the defendant of the obligation to demonstrate facts supporting the existence of federal jurisdiction.

Accordingly, pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** for failure of the removing party to invoke federal jurisdiction.  The clerk is directed (1) to mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the clerk of the Circuit Court for Pasco County, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on October 17, 2013.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE